# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LLOYD WAYNE TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-190-D |
| | ) | |
| JASON BARBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Canadian County Jail in El Reno, Oklahoma, in December 2014. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings.

On April 24, 2020, Judge Purcell filed a Report and Recommendation (hereinafter Report) [Doc. No. 10], in which he recommended that Plaintiff's action be dismissed without prejudice as untimely. Specifically, Judge Purcell found that Plaintiff's claims were barred by the applicable two-year statute of limitations, and that no basis existed for equitable tolling.

Plaintiff has filed a timely Objection [Doc. No. 11]. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Plaintiff asserts that he did not become aware of the alleged "constitutional violations until [f]ive years after the fact." Pl.'s Obj. at 1. He contends that the limitations period did not begin to run until November 2019 when he learned from a relative that Defendant Jason Barber had been prosecuted for the alleged assault on Plaintiff. He offers a second accrual date of June 8, 2018—the date Barber was sentenced in federal court.

"'A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)). It is not necessary that Plaintiff "know all of the evidence ultimately relied on for the cause of action to accrue." *Philpot*, 420 F.3d at 1162 (internal citation and quotation marks omitted). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal citations and quotation marks omitted).

The Court concludes that "the constitutional injury, the injury which trigger[ed] the statute of limitations for purposes of § 1983," occurred in December 2014 when Plaintiff was assaulted by Barber, not when Barber was prosecuted or sentenced for the assault. *Id*. Facts to support Plaintiff's cause of action were or should have been apparent to him in December 2014. "To start the running of the statute of limitations, [Tenth Circuit] case law requires nothing more." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004).

Further, the Court finds that no basis exists for equitable tolling of the limitations period. Plaintiff offers no evidence of incompetency or "false, fraudulent or misleading conduct" by Defendants that caused Plaintiff to sit on his rights. *Id*. at 1217. At most, Plaintiff asserts that jail officials neither responded nor took "action" after Plaintiff "attempted to report the incident through . . . the County Jail's administrative remedy process." Pl.'s Compl. at 2; Pl.'s Obj. at 2. Plaintiff does not submit that Defendants prevented him from pursuing legal action based on the allegations within his Complaint. Nor, does Plaintiff appear to be arguing that the limitations period should have been tolled during the pendency of his jail grievance. Other than Plaintiff's conclusory assertion that the jail took no action after he attempted to report the incident, Plaintiff presents no evidence that he formally pursued his administrative remedies. Thus, Plaintiff has not presented any circumstances that would justify equitable tolling. Accordingly, Plaintiff's claims are time barred.

## CONCLUSION

Upon *de novo* review of the issues presented, the Court concurs with Judge Purcell that Plaintiff's action should be dismissed as untimely. Accordingly, Judge Purcell's Report and Recommendation [Doc. No. 10] is **ADOPTED** in its entirety. Plaintiff's Complaint is **DISMISSED** without prejudice. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 15th day of May 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge